IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AQUANETTE THOMPSON, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ICUL SERVICE CORPORATION d/b/a CREDITORS RESOURCE SERVICE, <br><br> Defendants. | Case No. 20-cv- <br><br> Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Aquanette Thompson, individually and on behalf of a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. *Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

4. Plaintiff has suffered an injury in fact from Defendant's communication of false information regarding additional charges and amounts being added to a collection account. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

5. Plaintiff, Aquanette Thompson, ("Plaintiff') is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for an CTA C&M Federal Credit Union loan. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant ICUL Service Corporation d/b/a/ Creditors Resource Service ("CRS") is an Illinois Corporation that does or transacts business in Illinois. CRS' registered agent is Thomas Kane, located at 1807 W. Diehl RD, P.O. Box 3107, Naperville, IL 60566.

7. CRS claims to be a leader in credit union collection services, and has provided collection services for credit unions since 1974.

https://www.lsc.net/solutions/collections-services/, Accessed on 7 December 2020.

8. At the time of filing of this lawsuit, CRS maintained a website that provides in part as follows:

**Creditors Resource Service (CRS) is here for you**
Since 1974, CRS has provided competitively priced, complete, and comprehensive collection facilities for credit unions. Our mission is to collect delinquent accounts with care and compassion for each individual.

Creditors Resource Service (CRS) offers a comprehensive suite of collection services to include:



CRS offers yearly peer networking groups addressing current topics and trends in the collections space.

https://www.lsc.net/solutions/collections-services/ , Accessed on 7 December 2020.

9. CRS regularly collects or attempts to collect defaulted consumer debts on behalf of others and is a "debt collector" as the term is defined in § 1692(a)(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred an alleged debt for purchases of goods and services used for personal, family or household purposes, originally for an CTA C&M Federal Credit Union consumer credit account ("alleged debt").

11. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

12. Plaintiff encountered financial difficulty and defaulted on the alleged debt.

13. CRS subsequently began collecting the alleged debt.

14. CRS sent a letter ("CRS Letter") to Plaintiff on December 6, 2019 attempting to collect the alleged debt. (Exhibit A, CRS Letter).

15. The CRS Letter conveyed information about the alleged debt, including an account number, a reference to "Cta C &M Cu" as the identity of the creditor, and an account balance.

16. Thus, the CRS Letter was a communication as that term is defined in §1692a (2) of the FDCPA.

17. Plaintiff received and read the CRS Letter.

18. The letter provided that the total balance due was $8,516.31.

19. The CRS Letter goes on to state in relevant part:

> As of the date of this letter, you owe $8,516.31. **Because of** interest, **late charges**, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

(Ex. A, Letter) (emphasis added).

20. Plaintiff believed that late charges were being imposed on the alleged debt.

21. Plaintiff believed that late charges were being imposed on the alleged debt because CRS told her, via the CRS Letter, that late charges were being imposed.

22. CRS' statement that the creditor may assess late charges was a false statement, as the alleged debt was in default and was accelerated.

23. Once a debt is accelerated, there are no longer periodic payments due and owing, and therefore no available late charges for being late on a periodic payment. *Rodriguez v. Codilis & Assocs., P.C.*, No. 17-cv-03656, 2018 U.S. Dist. LEXIS 54898, at *11 (N.D. Ill. Mar. 30, 2018) (stating "As Rodriguez points out, BSI cannot impose late charges for failure to make monthly payments after a loan has been accelerated.") citing *Rizzo v. Pierce & Associates*, 351 F.3d 791, 793 n.1 (7th Cir. 2003).

24. Plaintiff was mislead by CRS' Letter, as she believed that late charges were being imposed on the alleged debt, when they were not and could not legally be imposed, causing her worry, fear, anxiety and feelings of hopelessness.

25. The unsophisticated consumer would be mislead by the statement that late charges could vary day to day, as an unsophisticated consumer would not know that late charges cannot be imposed after a debt is in default and is accelerated.

26. In fact, late charges were never going to be assessed on the alleged debt as the debt had been accelerated.

27. CRS was aware that the debt was accelerated when it mailed the Letter to Plaintiff.

28. CTA C&M Federal Credit Union did not authorize or direct CRS to collect late charges from Plaintiff.

29. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any**

> **debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or…**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

30. CRS made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), and threatened an action that cannot legally be taken and that its client did not intend or authorize it to take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10), when it stated that late charges may increase the amount of the alleged debt.

31. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

32. CRS engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it stated that late fees may accrue on an accelerated debt.

33. A Letter is misleading to an unsophisticated consumer if it falsely implies a possible outcome that cannot legally come to pass. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 364 (7th Cir. 2018).

34. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Id.* (citing *Muha v. Encore Receivable Mgmt., Inc.,* 558 F.3d 623, 628 (7th Cir. 2009)). Here, Defendant's misrepresentation that the balance was increasing would make Plaintiff (as well as an unsophisticated consumer) more likely to pay the alleged debt out of a concern albeit a false one, that the balance would be higher if he waited until some future date to pay.

35. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

36. Plaintiff brings this action individually and on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant CRS attempted to collect a defaulted consumer debt (3) by mailing a letter substantially similar to Exhibit A, which (4) states that "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" (5) after the debt was in default and the amount owed reflected an acceleration of a loan (6) during the period of time that begins one year prior to the filing of this Complaint and ends on the date of filing this Complaint.

37. The letter contained within Exhibit A is a form letter, and the Class likely consists of more than 40 persons from who the Defendant CRS attempted to collect a debt using a letter substantially similar to that contained in Exhibit A.

38. Plaintiff's claims are typical of the claims of each Class. Common questions of law or fact raised by this class action complaint affect all members of the

Class and predominate over any individual issues, as the violations asserted are based on the form letters mailed by Defendants. Common relief is therefore sought on behalf of all members of the Classes.

39. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

41. Plaintiff will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of each Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

42. Plaintiff has retained counsel that has been approved as class counsel in prior cases, including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

44. CRS made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), and threatened an action that cannot legally be taken and that its client did not intend or authorize it to take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10), when it stated that late charges may increase the amount of the alleged debt.

45. CRS engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it falsely and unfairly stated that late fees may accrue on an accelerated debt.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Classes and against CRS as follows:

A. Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B), and actual damages, if any;

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

Respectfully Submitted,

By: *s/Mario Kris Kasalo*
One of Plaintiff's Attorneys

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: *s/ Mario Kris Kasalo*
Mario Kris Kasalo